THOMAS F. SACCHETTA, ESQUIRE
Attorney I.D. No. 46834
SACCHETTA & BALDINO
308 East Second Street
Media, PA 19063
(610) 891-9212                          Attorney for plaintiffs

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
### CIVIL ACTION

| | |
|---|---|
| JOSEPH HANKO <br> 77 Stewart Street <br> South Bound Brook, NJ 08880 <br> Plaintiff <br><br> v. <br><br> NEELAM ATTRI, DDS <br> Aspen Dental Associates of NEPA, PLLC <br> 1112 A North Ninth Street <br> Stroudsburg, PA 18360 <br> and <br> ASPEN DENTAL ASSOCIATES OF NEPA, PLLC <br> 1112 A North Ninth Street <br> Stroudsburg, PA 18360 <br> and <br> ASPEN DENTAL MANAGEMENT, INC. <br> 1112 A North Ninth Street <br> Stroudsburg, PA 18360 <br> Defendants | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> Jury Trial Demanded <br> : <br> : <br> : <br> : <br> : |

1

## PLAINTIFF'S COMPLAINT

Joseph Hanko, by and through his attorney, Thomas F. Sacchetta, Esquire, and aver as follows:

1. Statement of Jurisdiction: This court has diversity jurisdiction under 28 U.S.C. § 1332, as the plaintiff is a citizen of the State of New Jersey and defendants are citizens of the Commonwealth of Pennsylvania, and complete diversity exists between plaintiff and defendants. The amount in controversy without interest and costs exceeds the sum or value specified under 28 U.S.C. § 1332.

### Parties

2. This is a professional negligence claim against all defendants, arising from dental treatment rendered to plaintiff, Joseph Hanko.

3. Plaintiff, Joseph Hanko, is an adult individual residing at 77 Stewart Street, South Bound Brook, New Jersey, 08880.

4. Defendant, Neelam Attri, DDS, is, upon information and belief, a dentist licensed to practice medicine in the Commonwealth of Pennsylvania with offices located at Aspen Dental Associates of NEPA, PLLC, 1112 A North Ninth Street, Stroudsburg, PA 18360. At all times relevant hereto, defendant, Neelam

Attri, DDS, was an agent, servant, workman or employee of Aspen Dental Associates of NEPA, PLLC and/or Aspen Dental Management, Inc. and provided treatment to plaintiff.

5.     Defendant, Aspen Dental Associates of NEPA, PLLC, is, upon information and belief, is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association, medical facility, business entity, or other legal entity licensed and conducting business in the Commonwealth of Pennsylvania, with offices located, *inter alia*, at 1112 A North Ninth Street, Stroudsburg, PA 18360.

6.     Defendant, Aspen Dental Management, Inc., is, upon information and belief, is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association, medical facility, business entity, or other legal entity licensed and conducting business in the Commonwealth of Pennsylvania, with offices located, *inter alia*, at 1112 A North Ninth Street, Stroudsburg, PA 18360.

## Statement of Claim

7.     Defendants undertook and/or assumed a duty to plaintiff, Joseph Hanko, to render reasonable, competent, proper, adequate and appropriate dental

3

care, advice, service and treatment in connection with plaintiff's problems and conditions and to take appropriate steps and measures to improve his condition and avoid harm.

8.    Plaintiff, Joseph Hanko, relied upon the superior dental knowledge, treatment, advice and diagnostic techniques of defendants.

9.    In or about July 2016, plaintiff was a patient of and treated by defendants.

10.    On or about July 6, 2016, plaintiff was seen by defendants at 1112 A North Ninth Street, Stroudsburg, PA 18360.

11.    On or about July 6, 2016, defendant, Neelam Attri, DDS, extracted plaintiff's tooth #13 and tooth #14.

12.    Subsequent to the extraction procedures performed by defendant, Neelam Attri, DDS, plaintiff developed complications related to the extractions.

13.    Plaintiff's extractions resulted in complications due to defendants' negligence, including, but not limited to,  oroantral fistula.

14.    Plaintiff has continued to have ongoing problems, pain and suffering related to the treatment given by defendants.

15.    Defendants are jointly and severally liable to plaintiff for the injuries and damages claimed herein.

## COUNT I - NEGLIGENCE

### Plaintiff, Joseph Hank v. Defendant, Neelam Attri, DDS

16.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

17.    Defendant dentist, Neelam Attri, DDS, holds himself out to be a dentist who possesses skill and knowledge in his specialities.  Defendant rendered care and treatment to plaintiff and holds himself out to the public as being qualified therefor.

18.    Plaintiff's injuries, losses and damages suffered as a result thereof were proximately caused by defendant's, Neelam Attri, DDS', carelessness and negligence as set forth herein.

19.    Defendant dentist, Neelam Attri, DDS, failed to exercise the judgment of a reasonable physician under the circumstances as follows:

(a)    Failing to properly perform examination;

(b)    Failing to properly treat plaintiff pre-operatively;

(c)     Failing to properly perform extractions and surgery on plaintiff;

(d)     Failing to properly treat plaintiff post-operatively;

(e)     Failing to properly supervise the treatment of plaintiff;

(f)     Failing to extend proper and reasonable services with regard to the #13 tooth extraction;

(g)     Failing to extend proper and reasonable services with regard to the #14 tooth extraction;

(h)     Failing to exercise reasonable care and diligence in the application of knowledge and skill to plaintiff's #13 tooth extraction;

(i)     Failing to exercise reasonable care and diligence in the application of knowledge and skill to plaintiff's #14 tooth extraction;

(j)     Failing to use best judgment in the treatment and care of plaintiff;

(k)     Holding out expertise which induced plaintiff to believe that adequate and proper care would be provided when, in fact, adequate, proper and reasonable care was not provided;

(l)     Failing to recognize standards of good practice in the profession and in treatment of individuals such as plaintiff;

(m)     Failing to adhere to the accepted procedures of administering treatment to individuals such as plaintiff;

(n)     Failing to possess the degree of professional learning, skill and ability which others similarly situated, ordinarily possess;

(o)     Failing to exercise reasonable care and diligence in the application of his knowledge and skill to plaintiff's care regarding the #13 tooth extraction;

(p)     Failing to exercise reasonable care and diligence in the application of his knowledge and skill to plaintiff's care regarding the #14 tooth extraction; and

(q)     Failing to conform to the require standard of care with regard to the procedure performed upon plaintiff and follow-up care for plaintiff's condition.

20.    As a result of defendant's, Neelam Attri, DDS', negligence as aforesaid, plaintiff suffered damages, which are or may be permanent in nature including, but not limited to, the following:

(a)    Extended pain and suffering due to defendant's, Neelam Attri, DDS', failure to adequately treat the plaintiff;

(b)    Serious and permanent injury due to defendant's, Neelam Attri, DDS', failure to adequately treat the plaintiff;

(c)    Serious injury including, but not limited to, oroantral fistula;

(d)    Additional surgery;

(e)    Complications;

(f)    Large and unnecessary medical bills incurred; and

(g)    Mental anguish and upset.

WHEREFORE, plaintiff, Joseph Hanko, asks for judgment against all defendants, jointly and severally, in an amount in excess of One-Hundred and Fifty Thousand ($150,000.00) Dollars and for all other relief as this Court deems proper and appropriate.

## COUNT II - NEGLIGENCE

## <u>Plaintiff, Joseph Hanko v. Defendant, Aspen Dental Associates NEPA, PLLC</u>

21.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

22.     The negligence of defendant, Aspen Dental Associates NEPA, PLLC, consisted of one or more of the following:

(a)     Failing to institute the proper policies to ensure proper performance of examination;

(b)     Failing to institute the proper policies to ensure proper treatment of plaintiff pre-operatively;

(c)     Failing to institute the proper policies to ensure proper performance of extractions and surgery on plaintiff;

(d)     Failing to institute the proper policies to ensure proper treatment of plaintiff post-operatively;

(e)     Failing to institute the proper policies for supervision of the treatment of plaintiff;

(f)     Failing to institute the proper policies to extend proper and reasonable services with regard to the #13 tooth extraction;

(g)     Failing to institute the proper policies to extend proper and reasonable services with regard to the #14 tooth extraction;

(h)     Failing to institute the proper policies to exercise reasonable care and diligence in the application of knowledge and skill to plaintiff's #13 tooth extraction;

(i)     Failing to institute the proper policies to exercise reasonable care and diligence in the application of knowledge and skill to plaintiff's #14 tooth extraction;

(j)     Failing to institute the proper policies to use best judgment in the treatment and care of plaintiff;

(k)     Failing to institute the proper policies to employ adequate and appropriate methods, techniques and procedures in the care and treatment of plaintiff;

(l)     Failing to institute the proper policies to recognize standards of good practice in the profession and in treatment of individuals such as plaintiff;

(m)    Failing to institute the proper policies to adhere to the accepted procedures of administering treatment to individuals such as plaintiff;

(n)    Failing to institute the proper policies to possess the degree of professional learning, skill and ability which others similarly situated, ordinarily possess;

(o)    Failing to institute the proper policies to exercise reasonable care and diligence in the application of their knowledge and skill to plaintiff's care regarding the #13 tooth extraction;

(p)    Failing to institute the proper policies to exercise reasonable care and diligence in the application of their knowledge and skill to plaintiff's care regarding the #14 tooth extraction; and

(q)    Failing to institute the proper policies to conform to the required standard of care with regard to the procedure performed upon plaintiff and follow-up care for plaintiff's condition.

23.    As a result of defendant's, Aspen Dental Associates NEPA, PLLC's, negligence as aforesaid, plaintiff suffered damages, which are or may be permanent in nature including, but not limited to, the following:

(a)     Extended pain and suffering due to defendant's, Aspen Dental Associates NEPA, PLLC's, failure to adequately treat the plaintiff;

(b)     Serious and permanent injury due to defendant's, Aspen Dental Associates NEPA, PLLC's, failure to adequately treat the plaintiff;

(c)     Serious injury including, but not limited to, oroantral fistula;

(d)     Additional surgery;

(e)     Complications;

(f)     Large and unnecessary medical bills incurred; and

(g)     Mental anguish and upset.

WHEREFORE, plaintiff, Joseph Hanko, asks for judgment against all defendants, jointly and severally, in an amount in excess of One-Hundred and Fifty Thousand ($150,000.00) Dollars and for all other relief as this Court deems proper and appropriate.

## COUNT III - NEGLIGENCE

## Plaintiff, Joseph Hanko v. Defendant, Aspen Dental Management, Inc.

24.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

25.     The negligence of defendant, Aspen Dental Management, Inc., consisted of one or more of the following:

(a)     Failing to institute the proper policies to ensure proper performance of examination;

(b)     Failing to institute the proper policies to ensure proper treatment of plaintiff pre-operatively;

(c)     Failing to institute the proper policies to ensure proper performance of extractions and surgery on plaintiff;

(d)     Failing to institute the proper policies to ensure proper treatment of plaintiff post-operatively;

(e)     Failing to institute the proper policies for supervision of the treatment of plaintiff;

(f)     Failing to institute the proper policies to extend proper and reasonable services with regard to the #13 tooth extraction;

(g)     Failing to institute the proper policies to extend proper and reasonable services with regard to the #14 tooth extraction;

(h)     Failing to institute the proper policies to exercise reasonable care and diligence in the application of knowledge and skill to plaintiff's #13 tooth extraction;

(i)     Failing to institute the proper policies to exercise reasonable care and diligence in the application of knowledge and skill to plaintiff's #14 tooth extraction;

(j)     Failing to institute the proper policies to use best judgment in the treatment and care of plaintiff;

(k)     Failing to institute the proper policies to employ adequate and appropriate methods, techniques and procedures in the care and treatment of plaintiff;

(l)     Failing to institute the proper policies to recognize standards of good practice in the profession and in treatment of individuals such as plaintiff;

(m)     Failing to institute the proper policies to adhere to the accepted procedures of administering treatment to individuals such as plaintiff;

14

(n)   Failing to institute the proper policies to possess the degree of professional learning, skill and ability which others similarly situated, ordinarily possess;

(o)   Failing to institute the proper policies to exercise reasonable care and diligence in the application of their knowledge and skill to plaintiff's care regarding the #13 tooth extraction;

(p)   Failing to institute the proper policies to exercise reasonable care and diligence in the application of their knowledge and skill to plaintiff's care regarding the #14 tooth extraction; and

(q)   Failing to institute the proper policies to conform to the required standard of care with regard to the procedure performed upon plaintiff and follow-up care for plaintiff's condition.

26.   As a result of defendant's, Aspen Dental Management, Inc.'s, negligence as aforesaid, plaintiff suffered damages, which are or may be permanent in nature including, but not limited to, the following:

(a)   Extended pain and suffering due to defendant's, Aspen Dental Management, Inc.'s, failure to adequately treat the plaintiff;

15

(b)     Serious and permanent injury due to defendant's, Aspen Dental Management, Inc.'s, failure to adequately treat the plaintiff;

(c)     Serious injury including, but not limited to, oroantral fistula;

(d)     Additional surgery;

(e)     Complications;

(f)     Large and unnecessary medical bills incurred; and

(g)     Mental anguish and upset.

WHEREFORE, plaintiff, Joseph Hanko, asks for judgment against all defendants, jointly and severally, in an amount in excess of One-Hundred and Fifty Thousand ($150,000.00) Dollars and for all other relief as this Court deems proper and appropriate.

## COUNT IV - VICARIOUS LIABILITY

## Plaintiff, Joseph Hanko v. Aspen Dental Associates NEPA, PLLC

27.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

28.     Defendant dentist, Neelam Attri, DDS, who acted for and on behalf of the entity as its agent, servant, employee, director or officer of defendant, Aspen Dental Associates NEPA, PLLC, is held as such.

29.     At all relevant times hereto, defendant dentist, Neelam Attri, DDS, was acting within the scope of his employment as agent, servant, employee, director or officer of said defendant.

30.     Defendant, Aspen Dental Associates NEPA, PLLC, is vicariously liable for the commissions or omissions of defendant Neelam Attri, DDS, as though the aforesaid entity performed the acts or omissions itself.

31.     Defendant, Neelam Attri, DDS, who treated the plaintiff, is the ostensible and/or corporate agent of defendant entity, as there was a holding out to the public that the defendant and its employees were affiliated with one another, either as agents, servants or employees or in a joint venture.

32.     As a direct and proximate result of the conduct set forth above, plaintiff has suffered extended pain and suffering, extensive medical expenses and bills, embarrassment, mental anguish, and lost wages and future lost wages.

WHEREFORE, plaintiff, Joseph Hanko, asks for judgment against all defendants, jointly and severally, in an amount in excess of One-Hundred and

17

Fifty Thousand ($150,000.00) Dollars and for all other relief as this Court deems proper and appropriate.

## COUNT V - VICARIOUS LIABILITY

### Plaintiff, Joseph Hanko v. Aspen Dental Management, Inc.

33.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

34.     Defendant dentist, Neelam Attri, DDS, who acted for and on behalf of the entity as its agent, servant, employee, director or officer of defendant, Aspen Dental Management, Inc., is held as such.

35.     At all relevant times hereto, defendant dentist, Neelam Attri, DDS, was acting within the scope of his employment as agent, servant, employee, director or officer of said defendant.

36.     Defendant, Aspen Dental Management, Inc., is vicariously liable for the commissions or omissions of defendant Neelam Attri, DDS, as though the aforesaid entity performed the acts or omissions itself.

37.     Defendant, Neelam Attri, DDS, who treated the plaintiff, is the ostensible and/or corporate agent of defendant entity, as there was a holding out to

the public that the defendant and its employees were affiliated with one another, either as agents, servants or employees or in a joint venture.

38.     As a direct and proximate result of the conduct set forth above, plaintiff has suffered extended pain and suffering, extensive medical expenses and bills, embarrassment, mental anguish, and lost wages and future lost wages.

WHEREFORE, plaintiff, Joseph Hanko, asks for judgment against all defendants, jointly and severally, in an amount in excess of One-Hundred and Fifty Thousand ($150,000.00) Dollars and for all other relief as this Court deems proper and appropriate.

## COUNT VI - OSTENSIBLE AGENCY

### Plaintiff, Joseph Hanko v. Defendant, Aspen Dental Associates NEPA, PLLC

39.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

40.     Defendant, Neelam Attri, DDS, provided medical care, treatment and consultation to the plaintiff at Aspen Dental Associates NEPA, PLLC, and held himself out and/or appeared to plaintiff to be the employee, agent, servant or workman of Aspen Dental Associates NEPA, PLLC.

19

41.     As such, defendant, Neelam Attri, DDS, was the ostensible agent of Aspen Dental Associates NEPA, PLLC.

42.     Defendant, Aspen Dental Associates NEPA, PLLC, is liable to plaintiff for the physical harm caused by the negligence of defendant, Neelam Atrri, DDS, as though Aspen Dental Associates NEPA, PLLC, had itself committed the acts or omissions as set forth above.

43.     Plaintiff suffered damages as set forth in Count I hereof as a result of the negligent actions and inactions of the agents of Aspen Dental Associates NEPA, PLLC.

WHEREFORE, plaintiff, Joseph Hanko, asks for judgment against all defendants, jointly and severally, in an amount in excess of One-Hundred and Fifty Thousand ($150,000.00) Dollars and for all other relief as this Court deems proper and appropriate.

## COUNT VII - OSTENSIBLE AGENCY

### Plaintiff, Joseph Hanko v. Defendant, Aspen Dental Management, Inc.

44.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

45.     Defendant, Neelam Attri, DDS, provided medical care, treatment and consultation to the plaintiff at Aspen Dental Management, Inc., and held himself out and/or appeared to plaintiff to be the employee, agent, servant or workman of Aspen Dental Management, Inc.

46.     As such, defendant, Neelam Attri, DDS, was the ostensible agent of Aspen Dental Management, Inc.

47.     Defendant, Aspen Dental Management, Inc., is liable to plaintiff for the physical harm caused by the negligence of defendant, Neelam Atrri, DDS, as though Aspen Dental Management, Inc., had itself committed the acts or omissions as set forth above.

48.     Plaintiff suffered damages as set forth in Count I hereof as a result of the negligent actions and inactions of the agents of Aspen Dental Management, Inc.

WHEREFORE, plaintiff, Joseph Hanko, asks for judgment against all defendants, jointly and severally, in an amount in excess of One-Hundred and Fifty Thousand ($150,000.00) Dollars and for all other relief as this Court deems proper and appropriate.

## COUNT VIII - INFORMED CONSENT (BATTERY)

## <u>Plaintiff, Joseph Hanko v. Defendant, Neelam Attri, DDS</u>

49.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

50.     Defendant, Neelam Attri, DDS, failed to advise or adequately advise and inform plaintiff or the risks, complications and potential harm associated with performing the aforementioned extractions.

51.     Defendant, by failing to adequately inform plaintiff of the risks, complications, and dangers associated with the procedure and extractions, deprived plaintiff of the opportunity to make an informed decision regarding the wisdom of undergoing the procedure and extractions. As such, defendant has battered plaintiff.

52.     As a direct and proximate result of defendant's battery, plaintiff has been caused to suffer damages and harm including but not limited to:

(a)     Extended pain and suffering;

(b)     Serious and permanent injury;

(c)     Serious injury in the form of oroantral fistula;

22

(d)    Additional surgery;

(e)    Complications;

(f)    Large and unnecessary medical bills incurred; and

(g)    Mental anguish and upset.

WHEREFORE, plaintiff, Joseph Hanko, asks for judgment against all defendants, jointly and severally, in an amount in excess of One-Hundred and Fifty Thousand ($150,000.00) Dollars and for all other relief as this Court deems proper and appropriate.

SACCHETTA & BALDINO

By:    /S/THOMAS F. SACCHETTA, ESQUIRE
       THOMAS F. SACCHETTA, ESQUIRE
       Attorney for plaintiff