UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH HANKO, | : |
| Plaintiff | : CIVIL ACTION NO. 3:18-1322 |
| v. | : (JUDGE MANNION) |
| ASPEN DENTAL ASSOC. OF NEPA, PLLC, *et al.*, | : |
| Defendants | : |

# MEMORANDUM

Presently before the court is the September 23, 2020 motion of defendants, Aspen Dental Associates of NEPA, PLLC, and Aspen Dental Management, Inc. ("defendants"), to Enforce Settlement. (Doc. 36). The motion alleges that during the February 5, 2020 mediation, the plaintiff, Joseph Hanko, agreed to settle this medical malpractice action, and a Release, stating the terms of the Settlement Agreement, was forwarded to plaintiff's counsel for execution. However, it is alleged that to date, the defendants have not received the executed Release from the plaintiff. As such, defendants move the court to issue an Order enforcing the settlement they reached with plaintiff. To date, plaintiff has not filed a brief in opposition

to the motion and the time within which his brief was due has expired.[1] For the following reasons, the motion will be **GRANTED** and, the plaintiff will be directed to execute the Release and forward it to the defendants.[2] The defendants' request for sanctions from the plaintiff in the amount of $750 for the filing of their motion will be **DENIED**.

## I.   STANDARD OF REVIEW

"It is well settled that a federal court has the inherent power to enforce and to consider challenges to settlements entered into in cases originally filed therein." Dugan v. O'Hara, 125 F.Supp.3d 527, 534-35 (E.D. Pa. 2015) (citing Fox v. Consol. Rail Corp., 739 F.2d 929, 932 (3d Cir.1984); (Millner v. Norfolk & W.R. Co., 643 F.2d 1005, 1009 (4th Cir.1981) ("A number of courts have recognized the authority of a trial court summarily to enforce a settlement agreement and to enter judgment based on that agreement without plenary hearing.")). "This authority, however, arises not under Rule 56 of the Federal Rules of Civil Procedure but under the trial court's inherent equitable power summarily to enforce a settlement agreement when the

---

[1] The court notes that plaintiff is represented by counsel.
[2] Since defendants state the background of this case in their motion, and since the plaintiff has not opposed the motion, the court will not repeat it herein.

practical effect is merely to enter a judgment by consent." *Id.* at 535 (citing Tiernan v. Devoe, 923 F.2d 1024 (3d Cir. 1991) (recognizing that district courts may grant "summary enforcement of settlements" under appropriate circumstances)).

In any event, "[c]ourts treat a motion to enforce settlement under the same standard as a motion for summary judgment because the central issue is whether there is any disputed issue of material fact as to the validity of the settlement agreement." *Id.* (citations omitted). "This is not mere coincidence. The stakes in summary enforcement of a settlement agreement and summary judgment on the merits of a claim are roughly the same—both deprive a party of his right to be heard in the litigation." *Id.* (citation omitted). As such, "[a] motion to enforce settlement should be reviewed under the same standard as a motion for summary judgment: the non-movant's assertions must be treated as true; the non-movant must be given the benefit of the doubt when their assertions conflict with the movant's assertions; and the movant must be entitled to enforcement as a matter of law." *Id.* (citations omitted). Similar to a motion for summary judgment, "the non-movant must provide evidentiary support for any assertions on which it wishes to rely in opposing a motion to enforce settlement." *Id.*

- 3 -

## II.  DISCUSSION

Initially, since the plaintiff failed to file a timely brief in opposition to the defendants' motion, he is deemed as not opposing it under Local Rule 7.6, M.D. Pa.

The court in Dugan, *id.* at 535-35, explained the law regarding the enforceability of a settlement agreement as follows:

> The validity and enforceability of settlement agreements is governed by state contract law. It is by now axiomatic under Pennsylvania law that the test for enforceability of [a settlement] agreement is whether both parties have manifested an intention to be bound by its terms and whether the terms are sufficiently definite to be specifically enforced. In ascertaining the intent of the parties to a contract, it is their outward and objective manifestations of assent, as opposed to their undisclosed and subjective intentions, that matter. An agreement to settle a law suit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing. Where the parties have agreed on the essential terms of a [settlement agreement], the fact that they intend to formalize their agreement in writing but have not yet done so does not prevent enforcement of such agreement. A settlement agreement is still binding even if ... a party had a change of heart between the time he agreed to the terms of the settlement and when those terms were reduced to writing. If all of the material terms of a bargain are agreed upon, the settlement agreement will be enforced. If, however, there exist ambiguities and undetermined matters which render a settlement agreement impossible to understand and enforce, such an agreement must be set aside. (internal quotations and citations omitted).

Here, the uncontested evidence submitted by the defendants, (Doc. 37-1), demonstrates that the parties entered into an enforceable settlement agreement, to wit:

> Once [Dr. Attri] [is] dismissed, the [defendants] will agree to resolve the remaining claim against them in the amount of $8,500.00, plus $2,877.00 (representing [plaintiff's counsel's] costs in this litigation as of 2/5/2020), to be paid in separate checks. The check for $8,500.00 shall be made out to [plaintiff's counsel's firm] and its client, Mr. Hanko, together. The check in the amount of $2,877.00 shall be made out to [plaintiff's counsel's] firm alone. In terms of the Release to be executed with the [defendants], contained within the same will be standard confidentiality and non-disparagement clauses, as well as language requiring Mr. Hanko to satisfy any and all liens, including Medicare, and defend and indemnify the settling Defendants for same.[3]

Further, "[if] the parties have agreed to the essential terms of a contract, 'the fact that they intend to formalize their agreement in writing but have not yet done so does not prevent enforcement of such agreement.'" Dugan, *id.* at 537 (citations omitted). Thus, if there is "an unambiguous indication that the parties had reached an agreement," and "the parties agreed to the essential terms of a contract", then "the contract is enforceable even though it had not yet been reduced to writing." *Id.* at 537-38 (internal citations omitted).

---

[3]On February 12, 2020, the court entered summary judgment in favor of Dr. Attri and plaintiff's complaint was dismissed with prejudice against him. (Doc. 34).

- 5 -

The evidence also indicates that counsel for defendants repeatedly sent the Release and Indemnity Agreement to plaintiff's counsel for plaintiff's signature and to return the executed documents to defendants' counsel.[4] Despite the numerous attempts by defendants' counsel to get plaintiff to sign the Release so that this case could be closed, plaintiff failed to sign it. Nor did plaintiff and his counsel indicate that plaintiff would not sign the Release or contest any of the language in the Release or Indemnity Agreement. The court finds that defendants' undisputed exhibits, (Doc. 37-1), show that the plaintiff intended to be bound by the settlement agreement, and its essential terms, to which the parties agreed at the February 5, 2020 mediation. The above stated terms of the settlement agreement "are precise and nothing of significance is missing", and "[i]t is therefore an enforceable settlement agreement [with respect to] the claims raised in this case." Dugan, *id.* at 536. The court also finds that there is no genuine dispute as to whether plaintiff

---

[4]"Under Pennsylvania law, an attorney may enter into a binding settlement agreement with the express authority of his client, and there is a rebuttable presumption that a settlement entered into by an attorney has been authorized by the client." Dugan, 125 F.Supp.3d at 536-37 (citation and internal quotations omitted). In the instant case, there is nothing in the record to suggest that plaintiff's attorney lacked authority to settle this case or that plaintiff took any action to repudiate his counsel's authority to settle. *See id.* at 537 ("client may ratify counsel's actions when he learned a settlement was reached and took no action to repudiate counsel's authority to settle.") (citations omitted).

agreed to the proposed Settlement Agreement and that he failed to execute the Release in order to effectuate the Agreement as he was required to do.

Finally, the court in its discretion, will decline to order the plaintiff to pay the defendants the amount of $750 as a sanction for the filing of their instant motion since it finds no evidence of bad faith on the part of the plaintiff and no evidence of intentional delay by the plaintiff in this case. *See* In re Avandia Mkt., Sales Practice and Products Liability Litigation, ---F.Supp.3d---, 2020 WL 3488156, *2 (E.D. Pa. June 26, 2020) ("A finding of bad faith, proved by clear and convincing evidence, usually is required for sanctions imposed under [28 U.S.C.] §1927, Local Rule [83.3.2], or the court's inherent powers.").[5]

### III.   CONCLUSION

In light of the foregoing, the defendants' unopposed Motion to Enforce Settlement, **(Doc. 36)**, will be **GRANTED**, and the plaintiff will be directed to execute the Release, which was previously forwarded to his counsel, within

---

[5]Local Rule 83.3.2, M.D. Pa., provides that if the court finds any party or lawyer had acted in bad faith, or had failed to exercise reasonable diligence in effecting the settlement of a case at the earliest practicable time, the court may impose costs. The plaintiff is forewarned that if he delays any further in executing the Release and settlement documents as directed by the court, he may be subject to sanctions.

- 7 -

fourteen (14) days of the date of the court's Order. The defendants' request for the court to order the plaintiff to pay them $750 as a sanction for filing their motion will be **DENIED**. An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: November 3, 2020**
18-1322-01